IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE LAGEN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 12 C 4056 |
| v. | ) ) | Judge Blanche M. Manning |
| UNITED CONTINENTAL HOLDINGS, INC. and UNITED AIRLINES, INC., | ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) | |

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff, George Lagen, on behalf of himself and all others similarly situated, by his

undersigned attorneys, brings this class action lawsuit against United Continental Holdings, Inc.

and United Airlines, Inc. (collectively referred to as "United" or "United Airlines") and

complains as follows:

**I. Nature of the Case**

1.      For decades, United Airlines touted its unrelenting loyalty to its most frequent

customers.  In exchange for customers' purchase of tickets from United, customers would

receive various benefits under United's frequent flyer program called Mileage Plus.  Customers

in Mileage Plus who have flown 1,000,000 or more miles on United flights were known as

Million Mile Flyers in the Program (sometime referred to herein as the "Million Mile Program").

2.      To become a Million Mile Flyer, customers had to actually fly 1,000,000 or more

miles solely on United flights.  Unlike certain other frequent flyer programs, including pre-

merger Continental's One Pass, there were no other ways for a Million Mile Flyer to obtain

miles other than purchasing a United ticket.

3.      In exchange for Million Mile Flyers' purchase of tickets, United provided them

with certain lifetime benefits. As explained in detail below, these bargained-for lifetime benefits are valued in the millions of dollars.

4.      However, with a swift stroke of a pen, United has fleeced its most loyal customers – the Million Mile Flyers – out of their bargained-for benefits. The Million Mile Flyer lifetime benefits were gutted upon the completed merger between United and Continental Airlines. Million Mile Flyers' bargained-for benefits have been taken away in breach of United's contractual agreements.

5.      George Lagen had been recognized by United Airlines for flying one million miles with United tickets on planes operated by United Airlines. He has been a loyal United Airlines customer for years and, based upon the terms of the Mileage Plus Program, has spent hundreds of thousands of dollars in purchasing airline tickets for United flights. He, like thousands of others, did so on the belief his loyalty and massive expenditures would result in United standing by its pledge to award him with the promised lifetime benefits as a Million Mile Flyer.

6.      Unfortunately, Mr. Lagen, like thousands of others, has seen his bargained-for benefits unlawfully stripped away. He therefore brings this action to protect his (and others') bargained-for rights.

## II.  The Parties

7.      Plaintiff George Lagen is a resident of Chicago, Illinois. Mr. Lagen has flown extensively on United Airlines for years and was a member of United Airlines' Mileage Plus Program. More specifically, Mr. Lagen flies, on average, between 200,000 and 250,000 miles per year. For perspective purposes, a plane trip around the world is approximately 20,000 miles. Given his extensive travel, Mr. Lagen had achieved Million Mile Flyer status in the Mileage Plus

Program.

8.      Defendant United Continental Holdings, Inc. is a publicly held company incorporated under Delaware law.  Its headquarters and principal place of business are located in Chicago, Illinois.  It was formed via a merger that closed on October 1, 2010, between United Airlines and Continental Airlines.  It operates and controls the current frequent flyer program called MileagePlus, described below.

9.      Defendant United Airlines, Inc. is a wholly owned subsidiary of United Continental Holdings, Inc. United Airlines, Inc. is located in Chicago, Illinois and incorporated under Delaware law.  Prior to its merger with Continental Airlines, United Airlines, Inc. was the entity that created and operated the frequent flyer program at issue in this case, Mileage Plus.

### III.  **Jurisdiction and Venue**

10.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  The matter in controversy, exclusive of interest and costs, far exceeds the sum or value of $5,000,000 and is a class action in which some of the members of the Class of Plaintiffs, whose number exceeds 100, are citizens of states different from United.  Further, greater than two-thirds of the class members reside in states other than the states in which Defendants are a citizen.

11.      Venue is proper in this Court under 28 U.S.C. § 1391 because the actions at issue took place, in whole or in part, within this District.

### IV.  **The Facts**

12.      In the 1980's, United Airlines had a world class frequent flyer program for its customers called Mileage Plus.  Under this program, frequent flyers on United Airlines would receive valuable benefits in exchange for purchasing tickets to fly on United flights.

13.      As with most frequent flyer programs, United created various levels of status

among Mileage Plus members based on the number of miles each customer would fly on United flights.

14.     The second to top tier in the Mileage Plus Program was the Premier Executive, awarded to customers who flew 50,000 or more elite qualifying miles within a calendar year. United awarded customers who had flown one million miles with lifetime Premier Executive status, inclusive of all Premier Executive benefits.  To obtain this status, a United customer needed to actually fly one million or more miles on United flights only.  In other words, unlike programs today, one could not reach the Million Mile status through any non-flying means, such as an airline credit card, or by flying on any other "partner" or "code share" airline.

15.     The Million Mile Program was not simply a gimmick or give-away product under which United could change the rules any time it wanted.  It was a bargained-for program whereby consideration was given – and taken – by both United and the Million Mile Flyer members.

16.     Given the hundreds of thousands of dollars Million Mile Flyer members would pay for the required airline tickets and corresponding status, United provided – in exchange – certain lifetime benefits.

17.     The lifetime benefits Million Mile Flyers paid consideration for included:

     a.     A one-time award of three system-wide upgrades;

     b.     Two free regional upgrades every year;

     c.     A 100% redeemable bonus on the miles the customer flies every year; and

     d.     Lifetime Premier Executive status in United's Mileage Plus Program, providing extra benefits and priorities such as booking availability, pre-boarding advantages, upgrade possibilities, and seating priority.

- 4 -

18.     To be sure, obtaining Million Mile Flyer status was no small – or inexpensive – feat.  Again, all Million Mile Flyers obtained that status only through the purchase of actual tickets for United flights.  To say the least, acquiring a million miles is very expensive.  By way of example, various published aviation data suggests the average domestic flight in the United States is approximately 1,100 miles with the corresponding average coach fare being $300. Using these figures, an average customer would spend approximately **$273,000** just to reach one million miles.  On the other side of the coin is United Airlines, which reaped millions – if not billions – of dollars from Million Mile Flyer members.

19.     On October 1, 2010, United Airlines merged with Continental Airlines.  The resulting company is Defendant, United Continental Holdings, Inc.

20.     Following the merger, members of the Million Mile Program were assured by United that their lifetime, bargained-for benefits would not be affected.

21.     United made this specifically clear on its website, wherein the following question and answer were posted in October 2011:

**Q. Now that the merger has legally closed, what will happen to my Million Mile Program lifetime status benefits:**

**A. You will continue to receive your benefits as you always have.  Lifetime elite benefits will continue in the single, combined program, which will be announced by the end of 2011.**

22.     However, United acted 180 degrees opposite this assurance when it rolled out the combined post-merger frequent flyer program.  The combined program, called MileagePlus (the same name as the former United Program, only absent a space between the words), merged the frequent flyer programs of United Airlines and Continental Airlines and went into effect on January 1, 2012. When that occurred, United took away the promised and bargained-for lifetime benefits of Million Mile Flyers.

23.     When the new MileagePlus Program went into effect on January 1, 2012, it resulted in an immediate and significant retroactive demotion of benefits to Million Mile Flyers. There are four tiers of classification under MileagePlus.  In order of ascending benefits, these categories include: (1) Premier Silver (for those who fly at least 25,000 miles per year); (2) Gold (50,000 miles or more per year); (3) Platinum (75,000 miles or more per year); and (4) 1K (100,000 miles or more per year).

24.     Prior to the merger and roll-out of the MileagePlus Program, Million Mile Flyers were <u>guaranteed</u> Lifetime Premier Executive status <u>for life</u>.  Lifetime Premier Executive status was the second tier of status available.  Under the new MileagePlus Program, however, Million Mile Flyers are now members of the third tier Gold status.  The result is a severe cut in benefits including fewer bonus miles for flights, a reduced chance of upgrades, and lower priorities in boarding and seating assignments.

25.     In addition, under the MileagePlus Program, Million Mile Flyers no longer receive a 100% bonus on the miles they fly with United.  Instead, the percentage has been cut in half to only 50%.

26.     In addition, under the MileagePlus Program, first time Million Mile Flyers no longer get a one-time award of three system-wide upgrades.

27.     In addition, under the MileagePlus Program, Million Mile Flyers no longer get the promised and bargained-for two regional upgrades per year.

28.     In stark contrast to the gutting of promised and bargained-for benefits for Million Mile Flyers, the new MileagePlus Program perversely and arbitrarily rewards former members of Continental Airlines' former Continental One Pass ("One Pass") frequent flyer program. Under One Pass, Continental customers could obtain "miles" or credit without even stepping

foot on a Continental plane. For example, One Pass members could obtain miles with credit card purchases or even flights on other airlines. Of course, Million Mile Flyers paid substantial consideration for their promised <u>lifetime</u> benefits in that they were required to obtain all the required miles by purchasing tickets only for United flights.

29.     United received substantial compensation and consideration from Million Mile Flyers in exchange for the benefits it now has taken away. United's egregious actions, if left unabated, will result in its unlawfully and unjustly retaining the millions upon millions of dollars it received from Million Mile Flyers.

30.     Indeed, it is clear from recent comments made by the highest executives at United that it intends to continue its denial of the Class's bargained-for benefits. On May 17, 2012, United's Chief Financial Officer, John Rainey, told an audience at the Bank of America Merrill Lynch Global Transportation Conference that certain members of the Mileage Plus Program were "over entitled." This cavalier attitude is wholly consistent with United's intent to retroactively rescind benefits it had already agreed to provide – in exchange for the millions of dollars it received in return.

### V.  Class Action Allegations

31.     This action is brought as a class action by Plaintiff on behalf of himself and the following proposed class ("Class"):

> All persons, as of midnight, December 31, 2011, who were members of the Million Mile Program under United Airlines' Mileage Plus frequent flyer program.

Excluded from the Class are Defendants; the officers, directors, and employees of Defendants; any entity in which Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of Defendants; any federal, state, or local government entity; and

any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

32.     This action may be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

33.     **Numerosity**.  Plaintiff is informed and believes that there are at least thousands of Class members throughout the United States.   As a result, the members of the Class are so numerous that their individual joinder in this action is impracticable.

34.     **Commonality**.  There are numerous questions of fact and/or law that are common to Plaintiff and all the members of the Class, including, but not limited to the following:

> a.     whether United breached its contractual obligations to the Class;
>
> b.     whether United breached the covenant of good faith and fair dealing;
>
> c.     whether United has been unjustly enriched;
>
> d.     whether Class members have suffered damages;
>
> e.     whether United's taking away of the Class members' bargained-for benefits entitles Plaintiff and the Class to equitable relief; and
>
> f.     whether, and what form of, relief should be afforded Plaintiff and the Class.

35.     **Typicality**.  Plaintiff is a member of the Class and has claims that are typical of all of the members of the Class.  Plaintiff's claims and all of the Class members' claims arise out of the same uniform course of conduct by Defendants and arise under the same legal theories that are applicable as to all other members of the Class.

36.     **Adequacy of Representation**.  Plaintiff will fairly and adequately represent the interests of the members of the Class.  Plaintiff has no conflicts of interest with or interests that are any different from the other members of the Class.  Plaintiff has retained competent counsel

experienced in class action and other complex litigation.

37. **Predominance**.  Common questions of law and fact predominate over questions affecting only individual Class members, and the Court, as well as the parties, will spend the vast majority of their time working to resolve these common issues.

38. **Superiority**.  A class action is superior to all other feasible alternatives for the resolution of this matter.  Individual litigation of multiple cases would be highly inefficient, a gross waste of the resources of the courts and of the parties, and potentially could lead to inconsistent results that would be contrary to the interests of justice.

39. **Manageability**.  This case is well suited for treatment as a class action and can easily be managed as a class action because evidence of both liability and damages can be adduced, and proof of liability and damages can be presented, on a class-wide basis, while the allocation and distribution of damages to Class members would be essentially a ministerial function.

40. Defendants have acted on grounds generally applicable to the Class by uniformly attempting to take away their bargained-for benefits, a scheme Defendants clearly intend to continue to perpetrate in the future.  Accordingly, injunctive relief, as well as legal and/or equitable monetary relief (such as disgorgement and/or restitution), along with corresponding declaratory relief, are appropriate with respect to the Class as a whole.

## VI.  Causes of Action

## COUNT I – Breach of Contract

41. Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

42. Plaintiff and the Class had a contractual relationship with United.

43.     The contractual relationship was supported by consideration by and for all parties.

44.     Plaintiff and the Class purchased airline tickets for United flights.

45.     In return, United provided the benefits discussed above that were associated with membership in the Million Mile Program.

46.     Plaintiff and the Class performed all of their obligations under the contractual relationship.

47.     United did not.  Instead, as explained in detail above, United breached its obligations and retroactively ceased providing Plaintiff and the Class their bargained-for benefits under the Million Mile Program.

48.     As a result of United's breach, Plaintiff and the Class have been damaged.

WHEREFORE, Plaintiff and the Class demand judgment against United and pray for: compensatory damages; attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and for such other relief the Court deems fair and equitable.

## COUNT II – Breach of Good Faith and Fair Dealing

49.     Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

50.     A covenant of good faith and fair dealing is implicit in every contractual relationship.

51.     United was, and still is, required to deal with Plaintiff and the Class in good faith and to engage in fair dealing.

52.     United has breached the covenant of good faith and fair dealing.

53.     As explained in detail above, United's actions in connection with the Million Mile Program were a result of bad faith and anything but fair dealing.

54.     As a result of United's breach of the covenant of good faith and fair dealing, Plaintiff and the Class have been damaged.

WHEREFORE, Plaintiff and the Class demand judgment against United and pray for: compensatory damages; attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and for such other relief the Court deems fair and equitable.

## COUNT III – Unjust Enrichment

55.     Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

56.     United has been enriched and benefitted – to the tunes of millions of dollars – from Plaintiff and the Class' purchase of airline tickets.

57.     Plaintiff and the Class expected to receive the bargained-for benefits under the Million Mile Program in exchange for their purchase of airline tickets.

58.     United, intentionally and in bad faith, has refused to provide those benefits to Plaintiff and the Class.

59.     It is therefore unjust to allow United to retain the benefits conferred by Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class demand judgment against United and pray for: compensatory damages; attorneys' fees and costs; pre-judgment and post-judgment interest as provided by law; and for such other relief the Court deems fair and equitable.

## COUNT IV – Specific Performance

60.     Plaintiff incorporates the allegations in the previous paragraphs of this Complaint as if fully set forth herein.

61.     Plaintiff and the Class purchased millions of dollars of airline tickets from United in exchange for lifetime benefits under the Million Mile Program.

62.     Plaintiff and the Class have performed their contractual obligations under the Program but, as explained in detail above, United has not.

63.     Plaintiff and the Class are entitled to their bargained-for benefits under the Million Mile Program.

64.     Plaintiff and the Class therefore seek specific performance of the contract between the parties and any such other injunctive relief that will provide Plaintiff and the Class their benefits.

WHEREFORE, Plaintiff and the Class demand specific performance and injunctive relief against United which will provide Plaintiff and the Class the benefits under the Million Mile Program they bargained for.

## VII.  Demand For Jury Trial

Plaintiff requests trial by jury on all issues so triable.

GEORGE LAGEN, on behalf of himself and all others similarly situated,

/s/ David H. Latham

By: _____

One of His Attorneys

David H. Latham (#6198792)
Law Offices of David H. Latham
Suite 1400
150 North Wacker Drive
Chicago, Illinois  60606
(312) 782-1910
dhlatham@lathamlaw.net

John F. Edgar
Michael D. Pospisil
Edgar Law Firm LLC
1032 Pennsylvania Ave.
Kansas City, Missouri 64105
(816) 531-0033
jfe@edgarlawfirm.com
mdp@edgarlawfirm.com