**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GEORGE LAGEN, ) | |
| ) | Case No. 12 C 4056 |
| Plaintiff, ) | |
| ) | Judge Blanche M. Manning |
| v. ) | |
| ) | Magistrate Judge Young B. Kim |
| UNITED CONTINENTAL HOLDINGS, INC. ) | |
| And UNITED AIRLINES, INC., ) | |
| ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AMENDED COMPLAINT**

**I.      Introduction**

Plaintiff's Amended Complaint should be dismissed in its entirety. Plaintiff George Lagen has sued for breach of contract regarding changes that United Air Lines made to its MileagePlus frequent flyer program. Yet the terms and conditions that govern the MileagePlus program demonstrate that there has been no breach, because any changes that United made were expressly permitted by the program's terms.

Confronted by the express contract terms, Lagen advances an array of arguments that range from the irrelevant to the ridiculous, namely that the MileagePlus terms and conditions were not "mentioned in the Amended Complaint and are not 'central' to Plaintiff's claims." (Plaintiff's Memorandum in Opposition ("Opposition"), Doc. No. 23, at 6.) From beginning to end, Lagen's Amended Complaint references United's frequent flyer program and the contractual rights that Lagen supposedly is entitled to pursuant to its terms. Settled precedent from this Court and the Seventh Circuit Court of Appeals holds that Lagen cannot maintain a claim for breach of contract when the express contract terms demonstrate there has been no breach.

Likewise, the Amended Complaint's other claims all fail. Recent precedent from this Court holds that Lagen's claim for breach of the covenant of good faith and fair dealing is preempted by the Airline Deregulation Act, and further is not an independent cause of action under Illinois law. Lagen's Opposition concedes that his "claim" for specific performance is only a remedy, not a cause of action, and his Opposition does not even try to argue that the claim for unjust enrichment has any merit. All of these claims must be dismissed.

Moreover, the Amended Complaint fails as a threshold matter because it does not adequately allege that Lagen has standing. Though Lagen's Opposition includes a laundry list of allegations from the Amended Complaint, none of these allegations points to an actual, imminent, non-hypothetical injury.

For all of these reasons, the Amended Complaint must be dismissed in its entirety.

**II.     Argument**

**A.     Plaintiff's Amended Complaint Does Not Allege Facts To Confer Standing.**

Plaintiff's Opposition does not point to any allegations in the Amended Complaint that confer standing. Lagen agrees that the law requires an injury that is actual, imminent and not conjectural or hypothetical. (Opposition at 2, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).) Lagen agrees that he, as the plaintiff, bears the burden of establishing this and other necessary elements. *Id*. Plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These facts must be evident on the face of the complaint. *Id*. at 545. Lagen's Amended Complaint has not alleged the necessary facts.

Lagen cites to a long list of allegations in the Amended Complaint (Opposition at 3-4), but none of these facts is sufficient to confer standing. None of these allegations states that Lagen has flown on United since the alleged changes to the MileagePlus program took effect.

Nor does Lagen allege that he has any plans to purchase a ticket to fly on United in the future. Consequently, he has failed to adequately allege standing.

The Supreme Court's holding in *Lujan* is directly on point. In that case, plaintiff sued over federal regulations that risked endangering crocodiles in Egypt. *Lujan*, 504 U.S. at 563. Plaintiff alleged that she would be injured if she were unable to observe the crocodiles while in Egypt, and signed an affidavit that she had previously traveled to Egypt and planned to return in the future. *Id*. at 563. The Court held that because plaintiff did not have a firm date for this future trip to Egypt, much less had she purchased an airplane ticket, her injury was too hypothetical to confer standing. *Id*. at 564. So, too, Lagen's allegations are too hypothetical and conjectural to confer standing. None of the allegations cited in his Opposition overcome this failure. The Amended Complaint must be dismissed.

**B.     The MileagePlus Terms Demonstrate There Has Been No Breach Of Contract.**

It is elementary that a plaintiff cannot maintain a claim for breach of contract when the contract's express terms demonstrate there has been no breach. That is precisely the situation in this case. Lagen complains about changes that were made to the MileagePlus program, yet the program's express terms provide that changes may be made. In the face of these clear terms, Lagen advances three arguments, none of which has any merit. Lagen contends that the MileagePlus terms cannot be considered on a motion to dismiss, based on the preposterous argument that they "are not mentioned in the Amended Complaint and are not 'central' to Plaintiff's claims." (Opposition at 6.) Lagen also argues that the allegations in the Amended Complaint are the "contract" he seeks to enforce (*id*.), citing to no contract other than his own conclusory allegations. Finally, Lagen argues that MileagePlus terms are illusory. Each of these arguments must be rejected.

First, Lagen argues that the MileagePlus terms cannot be considered on United's motion to dismiss. The law in the Seventh Circuit could not be more clear. When a complaint is based upon a contract, the Court may properly consider the contract on a motion to dismiss. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661-62 (7th Cir. 2002); *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994), *Venture Associates v. Zenith Data Systems*, 987 F.2d 429, 431 (7th Cir. 1993); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *Collins v. Sparacio*, No. 03 C 0064, 2003 WL 21254256, *2 (N.D. Ill. May 30, 2003). The reason is obvious: a plaintiff should not be permitted to "evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Lagen recognizes this settled law, even citing two cases in which courts held that a contract properly was considered on a motion to dismiss. (Opposition at 5-6, citing *Wright*, *supra*, and *Venture Associates, supra*.) He nevertheless purports to rely on various inapposite cases that either did not involve claims for breach of contract, or in which the attached documents were not contracts. (Opposition at 5-6, citing *Levenstein*, 164 F.3d at 347 (defendant improperly "attach[ed] a raft of other documents" in action brought under 42 U.S.C. § 1983 alleging violations of due process, deprivation of his property, and violation of equal protection) and *Collins*, 2003 WL 21254256, *2 (court would not consider cellular plan agreement in a Fair Debt Collections Practices Act and consumer fraud case because it was "not a contract case.").[1]

---

[1] Lagen's citation to *Corbisiero v. Bank of America*, No. 09 C 1587, 2009 WL 2386141 (N.D. Ill. July 30, 2009) and *Sanjuan v. American Board of Psychiatry and Neurology, Inc.*, 40 F.3d 247 (7th Cir. 1994) (Opposition at 8) for general maxims about pleading requirements also are irrelevant. Those cases say nothing about whether a court can consider the governing contract on a motion to dismiss when the clear contract terms demonstrate that there has been no breach.

4

Incredibly, Lagen argues that the MileagePlus terms "do not fall within the 'narrow' exception to the rule as stated by the Seventh Circuit because they are not mentioned in the Amended Complaint and are not 'central' to Plaintiff's claims." (Opposition at 6.) Nothing could be farther from the truth. Lagen alleges that he is a member of the MileagePlus Program. (Amended Complaint ("Compl."), ECF Doc. No. 4 at ¶¶ 1, 5, 14.) He alleges that the Million Mile Flyer status is part of the MileagePlus Program. (*Id*. ¶ 7.) He alleges that he was provided certain benefits under MileagePlus, and that those benefits were altered in a way that supposedly constitutes a breach of contract. (*Id*. ¶¶ 23-28.) The class he purports to represent is composed of MileagePlus members. (*Id*. ¶ 31) The MileagePlus terms were most certainly mentioned in the Amended Complaint, and they are indeed central to Lagen's claims. Without the MileagePlus program, Lagen would have no basis to claim any contractual rights.

Lagen did not attach the MileagePlus terms, and it is no surprise that he so desperately wants to avoid them. The terms demonstrate that he has no basis to claim any breach of contract over program changes. There is no dispute that the terms provided with United's Motion to Dismiss are the actual MileagePlus terms and conditions, notwithstanding Lagen's baseless characterization of them as "brochures about the Mileage Plus program." (Opposition at 5.) In both of the applicable versions of the MileagePlus terms provided, the documents are clear that they are the applicable "program rules" and "conditions" that govern the MileagePlus program. (Exhibit A to United's Mot. to Dismiss, Doc. No. 10-1, Decl. of Aileen Furlong ¶¶ 3-4, and January 1993 Mileage Plus Program Rules, attached thereto as Ex. 1, page 24, and March 2006 Mileage Plus Program Rules, attached thereto as Ex. 2, page 20.)

Lagen argues that the MileagePlus terms and conditions are not the operative contract, but that he "seek[s] to enforce" a different, unnamed contract, that "is set forth in the Amended

5

Complaint." (Opposition at 6.) Lagen does not identify this contract nor does he provide any details about its existence. Rather, he rattles off 14 bullet points of supposed terms. (*Id*. at 6-8.) These are nothing more than his self-serving conclusory allegations; they are not a "contract." Rather, the Amended Complaint is clear that Lagen is suing over a supposed breach of MileagePlus benefits. The MileagePlus terms and conditions govern. These terms demonstrate that Lagen has no basis to assert any claim for breach of contract over program changes.[2]

Finally, Lagen argues that even if the MileagePlus terms govern, those terms cannot be enforced because they are "illusory." (Opposition at 9-11.) Again, Lagen is wrong. The MileagePlus program is not illusory simply because United reserved the right to make changes or can cancel the program if it so determines. As demonstrated in United's Motion, other courts have rejected claims for breach of contract when frequent flyer program terms permitted the changes in question. *See* United's Motion to Dismiss ("Motion"), ECF Doc. No. 10 at 9-10, citing *Simon v. Continental Airlines, Inc*., No. 1:09-CV-631, 2010 WL 429932 (N.D. Ohio Feb. 4, 2010), *aff'd*, 439 Fed. Appx. 542 (6th Cir. 2011), *cert. denied*, 132 S.Ct 2436 (2012); *Monzingo v. Alaska Air Group, Inc*., 112 P.3d 655 (Alaska 2005); *see also Grossman v. USAir, Inc*., No. 0109, 1997 WL 1433744 (Pa. Com. Pl. Apr. 16, 1997) (granting airline's motion for summary judgment because frequent flyer program terms permitted changes complained of).

Were United to terminate the MileagePlus program, it would not render the contract illusory, because Lagen has "flown extensively on United Airlines for years" and, in addition to receiving the transportation for which he paid, he also received other benefits like system-wide

---

[2] Lagen's reference to verbal "assurances" cited in the Amended Complaint (Opposition at 8-9, citing Compl. ¶ 21) are not allegations of any enforceable contract that was supported by consideration or accepted by Lagen. Additionally, the MileagePlus Program Rules are clear that they "cannot be superseded or changed except in writing from United Airlines." (Exhibit A to United's Mot. to Dismiss, Doc. No. 10-1, Decl. of Aileen Furlong ¶ 3 and January 1993 Mileage Plus Program Rules, attached thereto as Exhibit 1, page 24.)

upgrades, regional upgrades, booking availability, and seating priority. (Compl. ¶¶ 7, 17.) Were some or all of the MileagePlus benefits to no longer be available in the future, it does not impact that these benefits already have been provided. Thus, the MileagePlus program is not an illusory contract. Moreover, if the contract were illusory, that would foreclose Lagen from bringing any claim, because, as Lagen recognizes, an illusory contract is "unenforceable." (Opposition at 9.)

There is no reason for Lagen to take "discovery . . . to fully determine the facts and circumstances surrounding [United's] actions." (Opposition at 2.) Nor is there a need for inquiry into the parties' course of dealing, as Lagen argues (Opposition at 9), because the contract terms are clear and unambiguous. As *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 788-89 (7th Cir. 1999), upon which Lagen relies, makes clear, course of dealing may not be utilized to alter or contradict the unambiguous terms of an express contract, such as the MileagePlus program.

Lagen's desperate attempt to avoid the express MileagePlus terms is without merit. The facts are undisputed that Lagen is a member of the MileagePlus program, that he seeks to maintain a claim for breach of contract over changes to his benefits, and that the MileagePlus terms expressly permit United to make changes. Lagen's claim for breach of contract must be dismissed.

C.  **Lagen's Claim For Breach Of The Covenant Of Good Faith And Fair Dealing Is Preempted And Is Not An Independent Cause Of Action.**

Lagen's claim for breach of the covenant of good faith and fair dealing must be dismissed for two independent reasons. First, the claim is preempted under the Airline Deregulation Act ("ADA"). Second, the covenant is a rule of contract interpretation; it does not provide Lagen or any plaintiff with an independent basis upon which to bring a cause of action.

Lagen argues that this claim is not preempted, relying exclusively on a recent opinion from the Ninth Circuit, *Ginsberg v. Northwest, Inc.*, No. 09-56986, 2012 WL 2869981 (9th Cir. July 13, 2012). (Opposition at 12-13.) The holding in *Ginsberg* is inconsistent with the rulings of other courts, which hold that a claim for breach of the duty of good faith and fair dealing is, in fact, preempted. *See, e.g.*, *Buck v. American Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007); *A.I.B. Express, Inc. v. FedEx Corp.*, 358 F. Supp. 2d 239, 253 (S.D.N.Y. 2004); *Samica Enterprises, LLC v. Mailboxes Etc. USA, Inc.*, 637 F. Supp. 2d 712, 719-20 (C.D. Cal. 2008); *Howell v. Alaska Airlines, Inc.*, 994 P.2d 901, 905 (Wash. Ct. App. 2000). It is not binding upon this Court, and it is in direct conflict with a recent opinion from this Court that expressly rejected *Ginsberg*.

In *Newman v. Spirit Airlines, Inc.*, No. 12 C 2897, 2012 WL 3134422, *3 (N.D. Ill. July 27, 2012), this Court rejected a plaintiff's argument that, pursuant to *Ginsberg*, a claim for breach of the duty of good faith and fair dealing was not preempted. The law is settled that claims for breach of contract are not preempted if they seek to enforce an airline's self-imposed undertakings, but claims that "enact or enforce" state law are preempted. *See, e.g., American Airlines, Inc. v. Wolens*, 513 U.S. 219, 229 (1995). In *Newman*, this Court rejected *Ginsberg* and held that "a claim for breach of the implied covenant of good faith and fair dealing that relates to airline prices, routes, or services is a claim that derives from the enforcement of state law rather than a contractual undertaking." 2012 WL 3134422, at *4. Lagen's claim thus is preempted.

Moreover, as explained in *Newman* as well as the other cases cited in both United's Motion and Lagen's Opposition, Illinois law does not recognize an independent cause of action for breach of the covenant of good faith and fair dealing. Rather, the implied covenant is "used only as a construction aid" when interpreting a contract. (Motion at 15, citing *Cramer v. Ins.*

8

*Exch. Agency*, 675 N.E.2d 897, 903 (Ill. 1996).) As this Court recently held in *Newman*, "under Illinois law there is no independent contractual claim for breach of the covenant." 2012 WL 3134422, at *4. Lagen's authority is in agreement. In *Fox v. Heimann*, 872 N.E.2d 126, 134 (Ill. App. 2007) (Opposition at 13-14), the Illinois Appellate Court held that "Illinois courts have consistently held that the covenant of good faith and fair dealing is not an independent source of duties for the parties to a contract."[3] The decision of the Seventh Circuit in *FDIC v. Rayman*, 117 F.3d 994 (7th Cir. 1997), also cited by Lagen (Opposition at 11), is in accord. Though Lagen selectively omitted half of the relevant quotation, the Seventh Circuit held that while "a covenant of good faith and fair dealing is implied in every Illinois contract, the covenant of good faith and fair dealing has never been an independent source of duties for the parties to a contract." 117 F.3d at 1000 (citation and internal quotation marks omitted).

Lagen's claim for breach of the covenant of good faith and fair dealing must be dismissed because it is preempted under the ADA and it fails to state a cause of action under Illinois law.

D.      **Lagen Concedes That Specific Performance Is A Remedy, Not A Cause Of Action.**

Little need be said about Lagen's claim for specific performance. It must be dismissed because it is not an independent cause of action under Illinois law. (*See* Motion at 16.) Lagen's Opposition concedes this point, explaining that he has not plead specific performance as an independent cause of action, "but to clarify and emphasize that he seeks this form of equitable, contractual relief in addition to damages." (Opposition at 14.) Putting aside that this remedy is

---

[3] The court in *Fox* permitted a cause of action on the grounds that the defendant had waived its right to challenge the sufficiency of the pleadings and could not first raise the issue on a motion for summary judgment. 872 N.E.2d at 134

not appropriate in this case,[4] Count IV of the Amended Complaint must be dismissed because it admittedly fails to state a claim upon which relief can be granted.

**E.    Lagen Has Abandoned His Claim For Unjust Enrichment.**

Lagen does not even argue in an attempt to save his unjust enrichment claim. As pointed out in United's Motion, it is both preempted and may not be advanced under Illinois law when there is an express contract governing the parties' relationship. (Motion at 16.) Count III of the Amended Complaint, for unjust enrichment, must be dismissed.

**III.    Conclusion**

For the reasons above and those set forth in United's motion to dismiss, Lagen's amended complaint should be dismissed in its entirety.

Dated: August 31, 2012                                Respectfully submitted,

 /s/     Sondra A. Hemeryck
Patricia Brown Holmes
E-mail: pholmes@schiffhardin.com
Sondra A. Hemeryck
E-mail: shemeryck@schiffhardin.com
Ayad P. Jacob
E-mail: ajacob@schiffhardin.com
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois  60606
Telephone:     (312) 258-5500
Facsimile:       (312) 258-5600

Attorneys for Defendants United Continental Holdings, Inc. and United Air Lines, Inc.

---

[4] "It is well settled that specific performance is an extraordinary remedy and will only be invoked where the plaintiff is without an adequate remedy at law and where it is feasible for the court to enforce such a remedy." *Abrams v. Rapoport*, 516 N.E.2d 943, 946 (Ill. App. 1987). Lagen argues that he "seeks this form of equitable, contractual relief in addition to damages" (Opposition at 14), and thus he alleges that he has a remedy at law.

## Certificate Of Service

I hereby certify that on August 31, 2012, a copy of the foregoing Reply Memorandum in Support of Defendants' Motion to Dismiss Amended Complaint was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        /s/ Sondra A. Hemeryck
Attorney for Defendants United Continental Holdings, Inc. and United Air Lines, Inc.