```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| **GEORGE LAGEN,** | |
| Plaintiff, | Case No. 12 C 4056 |
| v. | Hon. Harry D. Leinenweber |
| **UNITED CONTINENTAL HOLDINGS, INC. and UNITED AIRLINES,** | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. For the reasons stated herein, the Motion is granted in part and denied in part.

### I. FACTUAL BACKGROUND

Plaintiff George Lagen (hereinafter, "Lagen" or "Plaintiff"), on behalf of himself and others similarly situated filed a Complaint against Defendants United Continental Holdings, Inc. and United Airlines (collectively, "United" or "Defendants") alleging breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. In the Complaint, Plaintiff claims that when United Airlines merged with Continental Airlines, United Airlines breached contractual obligations to its Mileage Plus customers by revising the "*lifetime* benefits" the customers receive. Pl.'s Amend. Compl. at 2 (emphasis in original). Plaintiff's proposed class seeks to include those Mileage Plus

customers who achieved "Million Miler status." *Id.* at 5. Plaintiff explains that attaining such status required a customer to actually purchase (and presumably travel) one million miles on United Airlines. After a member attained the Million Miler status, Plaintiff claims that each member was entitled to lifetime benefits of:

> a. A one-time award of three system-wide upgrades; b. Two free regional upgrades every year; c. A 100% bonus on the miles the customer flies every year; and d. Lifetime Premier Executive status in United's Mileage Plus program, providing extra benefits and priorities such as booking availability, pre-boarding advantages, upgrade possibilities, and seating priority.

*Id.*

Plaintiff contends that shortly after United Airlines merged with Continental Airlines it announced a new, post-merger frequent flyer program which resulted in a significant retroactive demotion of benefits to Million Milers. Specifically, the Complaint alleges that after the merger, Million Milers were no longer guaranteed their Lifetime Premier Executive status, and instead became members of a Gold status group (a third tiered group as opposed to a top tiered group) who received fewer benefits than they did prior to the merger. Plaintiff also claims that after the merger, Million Milers no longer received 100% bonus on the miles they flew with United and instead only received a 50% bonus.

Plaintiff alleges that the reduction in benefits to the Million Milers was a breach of contract. Plaintiff claims that

United received substantial compensation and consideration from Million Milers in exchange for benefits which United retroactively ceased to provide Plaintiff and Plaintiff's proposed class. Based on these facts, Plaintiff also alleges that United breached the covenant of good faith and fair dealing, and was unjustly enriched.

On July 12, 2012, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In their Motion, Defendants claim that Plaintiff fails to establish standing and fails to state a claim.

Pursuant to an Executive Committee Order, this case was transferred to this Court on December 6, 2012, in light of the Honorable Judge Blanche Manning's retirement.

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss a case for lack of jurisdiction over the subject matter. FED. R. CIV. P. 12(b)(1). On a 12(b)(1) motion, the Plaintiff bears the burden of establishing subject matter jurisdiction. In ruling on a motion to dismiss under 12(b)(1), the Court accepts "as true all facts alleged in the well pleaded complaint and draws all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

Similarly, when evaluating dismissal under Rule 12(b)(6), the Court takes all well pleaded allegations of the complaint as true

and views them in the light most favorable to the plaintiff. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012). Under Rule 12(b)(6), a defendant seeks to dismiss if the plaintiff "fail[s] to state a claim upon which relief can be granted." *Stayart v. Yahoo! Inc.*, 623 F.3d 436, 438 (7th Cir. 2010). To satisfy the notice-pleading standard of Federal Rule of Civil Procedure 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," and must provide the defendant with fair notice of the claim and its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim has facial plausibility and survives dismissal when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Appert*, 673 F.3d at 622.

### III. ANALYSIS

#### A. Motion to Dismiss Based on 12(b)(1)

Defendants argue dismissal is warranted pursuant to 12(b)(1) because Plaintiff lacks standing. Specifically, Defendants argue that Plaintiff failed to allege that he has sustained an injury-in-fact. Plaintiff disputes this citing various paragraphs in his Complaint.

When a party challenges standing they are in effect challenging the court's subject-matter jurisdiction. *Johnson v. Merrill Lynch, Pierce, Fenner, & Smith Inc.*, No. 12-CV-2545, 2012

WL 5989345, at *3 (N.D. Ill. Nov. 28, 2012). In order to establish standing, a plaintiff must show a violation of a concrete, particular legally protected interest, a causal relationship between the defendant's conduct and the plaintiff's injury, and the ability for the court to redress the plaintiff's injury if the court finds in the plaintiff's favor. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992).

Defendants admit that Plaintiff has alleged that he has lost certain benefits as a result of the new Mileage Plus program. However, Defendants claim that Plaintiff fails to establish a "concrete and particularized" injury because Plaintiff fails to state that he has flown or will fly on United in the future or that he has actually been denied any of the lost benefits. *Id.* Defendants equate the Plaintiff's claimed injury with the injury the plaintiffs in *Lujan v. Defenders of Wildlife* alleged, which the Supreme Court held to be insufficient for the purposes of Article III standing. *See, Lujan,* 504 U.S. at 567. The Court disagrees with Defendants' analogy.

In *Lujan*, a plaintiff filed a complaint challenging a rule promulgated by the Secretary of Interior which interpreted the Endangered Species Act of 1973. *Id.* at 558. The plaintiff in *Lujan* claimed that his injury was the increase in rate of extinction to endangered species. *Id.* at 562. In finding this injury insufficient for the purposes of Article III standing, the

Supreme Court held that while the desire to observe or use endangered species "even for purely esthetic purposes, is undeniably a cognizable interest for the purpose of standing . . . the injury in fact test requires that the party seeking review must be himself among the injured." *Id.* at 563.

Here, Plaintiff's Complaint states that prior to the merger, he enjoyed the benefits as a Million Miler. He further claims that he "like thousands of others, has seen his bargained for benefits unlawfully stripped away." Pl.'s Amend. Comp. at 2. The Court finds this allegation combined with the others Plaintiff references in his response brief distinguishable from the injury alleged in *Lujan*.

As further support, the Court finds *Greenburg v. United Airlines*, 563 N.E.2d 1031 (Ill. App. Ct. 1990), instructive. In *Greenburg*, two plaintiffs sued United Airlines claiming that changes to the company's Mileage Plus frequent flier program breached a prior contract between the parties. *Id.* at 1034. In affirming a trial court's dismissal of the plaintiffs' complaint, the Illinois Appellate Court found that the plaintiffs failed to allege an injury. The complaint in *Greenburg* alleged that plaintiffs suffered the injury of not being able to use or receive benefits from their previously accrued miles. In finding this claim insufficient, the Appellate Court noted that the plaintiffs failed to allege "an intention to use mileage after 1994" which was

the time limit United had set under the rule change.  *Id.* at 1035.  In fact, in *Greenburg*, the plaintiffs admitted that they had redeemed accrued miles since the change in the Mileage Plus Program became effective.  Thus, the court determined that plaintiff failed to allege "a present actual loss" and instead based their claims upon "vested rights [that] *would be* terminated by 1994."  *Id.* at 1036 (emphasis in original).

The Court finds *Greenburg* factually similar to the case at bar, but in the same breath finds the Plaintiff's allegations with respect to his injury different from those asserted in *Greenburg*.  Here, it is undeniable that Plaintiff claims he has and continues to suffer an injury based upon his lost benefits.  Specifically, Plaintiff contends that Million Milers "were *guaranteed* Lifetime Premier Executive status *for life*" and under the new program are denied such benefits.  Pl.'s Amend. Compl. at 6.  Plaintiff does not base his claims on the fact that his benefits are going to be terminated at some future date.  Plaintiff claims the termination of benefits has already occurred.  Taking these allegations as true, the Court finds that Plaintiff sets forth an Article III injury sufficiently.  As such, the Court denies Defendants Motion to Dismiss Pursuant to Rule 12(b)(1).

### B. Motion to Dismiss Based Upon 12(b)(6)

Defendants argue in the alternative that dismissal is warranted because Plaintiff's Complaint fails to state a claim.

Defendants argue that the Court should dismiss Plaintiff's breach of contract, breach of covenant of good faith and fair dealing and unjust enrichment claims.

### 1. *Count I: Breach of Contract*

Attached to their Motion to Dismiss, Defendants provide what they contend is the contract Plaintiff claims Defendants breached. Defendants assert that the Court is permitted to consider this contract without transforming their motion to one for summary judgment since the alleged contract is mentioned in Plaintiff's complaint and central to Plaintiff's claims. Defendants also state that a plain reading of the contract illustrates that Defendants are not in breach. Plaintiff disputes these contentions, arguing that the Court should exclude from its consideration the aforementioned documents, and that those documents are not the contract pertinent to Plaintiff's claims.

As a preliminary matter, the Court agrees with Defendants with respect to its ability to consider the document which Defendants argue is the contract which Plaintiff claimed they breached. The Court recognizes that as a general rule, when reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court should only consider the pleadings. However, Rule 10(c) instructs, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). Moreover, the Seventh Circuit has held that "[d]ocuments attached to a motion to

dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Indeed, the Seventh Circuit has reasoned such a rule is intended to apply for cases like this which involve the interpretation of a contract. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

The Court's consideration of such documents (ECF 10-1, Ex. 1 & Ex. 2), does not however, mean that the Court is required to adopt Defendant's allegations regarding the effect of such documents – namely, that exhibits 1 and 2 are the contract which Plaintiff claims Defendants breached. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002) (stating that a court can "form its own conclusion as to the proper construction and meaning to be given" to such documents). In fact, the Court disagrees with Defendants' contentions. The Court does not deny that exhibits 1 and 2 appear to be the terms and conditions of the Mileage Plus program United had in effect at the time Plaintiff was a member. However, after examining the exhibits, the Court does not find any mention of Million Miler membership or the benefits a member receives after flying 1,000,000 miles. ECF No. 10-1, Ex. 1 & Ex. 2. While Plaintiff's Complaint states explicitly that the Million Miler Program was part of the Mileage Plus Program, Plaintiff and his proposed class are not mere

Mileage Plus members. Instead, the Complaint is clear that Plaintiff and his proposed class are Million Miler Program members. Therefore, at this stage of the litigation, the Court finds it plausible that Defendants had a contract with Million Miler members which differed from the contract they had with other Mileage Plus members.

In his response opposing Defendant's Motion, Plaintiff argues that exhibits 1 and 2 are not the contract Plaintiff seeks to enforce and points out that these documents do not contain the terms Plaintiff alleges Defendants breached. Plaintiff lists the denial of lifetime benefits which Defendants allegedly promised him in exchange for his purchase of airline tickets as the breach. Again, these benefits do not appear in exhibits 1 and 2. Thus, the Court rejects Defendants' argument that exhibit 1 and 2 illustrate that Plaintiff cannot establish breach.

In addition to finding that Plaintiff has alleged a breach, the Court also finds Plaintiff has pled sufficiently the other elements required for a breach of contract claim – namely, the existence of a valid contract, substantial performance by the plaintiff and resulting damages. *See Reger Development LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010); *see also Petri v. Gatlin*, 997 F.Supp. 956, 965 (N.D. Ill. 1997) (denying a motion to dismiss a breach of contract claim because the plaintiff

generally alleged the existence of a contract, a defendant's breach, and resulting damages).

Of course, as this case proceeds, it will be Plaintiff's burden to *prove* (not plead) that a contract exists between Plaintiff's proposed Million Miler class and United that differs from the Mileage Plus contract United argues is the contract Plaintiff seeks to enforce. In order to make this showing, Plaintiff will need to provide the Court more than mere allegations. However, given this is only the pleading stage, the Court finds Plaintiff's allegations sufficient to survive dismissal. *See Tibor Mach. Products, Inc. v. Freudenberg-NOK General Partnership*, 976 F.Supp. 1006, 1011 (N.D. Ill. 1997) (". . . at the pleading stage, Tibor [the plaintiff] need only allege rather than prove - the existence of a valid contract."). Accordingly, the Court denies Defendants' Motion to Dismiss Plaintiff's breach of contract claim.

### *2. Count II: Breach of Covenant of Good Faith and Fair Dealing*

Defendants also move for dismissal of Count II of Plaintiff's Complaint, which alleges that Defendants are liable for their breach of the covenant of good faith and fair dealing. Defendants argue that dismissal is appropriate because Illinois courts do not recognize an independent cause of action for breach of the covenant of good faith and fair dealing and the Airline Deregulation Act preempts such claims.

The duty of good faith and fair dealing is an interpretative tool that assists the Court in interpreting the terms of the contract and the intent of the parties. *See Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 395 (7th Cir. 2003). While under Illinois law every contract contains the implied covenant of good faith and fair dealing, it is "not generally recognized as an independent source of duties giving rise to a cause of action." *Voyles v. Sandia Mortg. Corp.*, 751 N.E.2d 1126, 1131 (Ill. 2001); *see also, APS Sports Collectibles, Inc. v. Sports Time, Inc.*, 299 F.3d 624, 628 (7th Cir. 2002). As an aside, the Court finds Illinois law applicable in this case as neither party has raised a conflict of law issue and Plaintiff had every opportunity to do so in his response. *See RLI Insurance Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) (instructing federal courts to apply the law of the state in which they sit when neither party raises a conflict of law issue in a diversity case).

Thus, the Court finds Count II of Plaintiff's Complaint fails to state a claim and dismisses it with prejudice.

### 3. *Count III: Unjust Enrichment*

Defendants argue that Plaintiff's unjust enrichment claim must be dismissed because the Airline Deregulation Act preempts such a claim and because Illinois law does not permit a plaintiff to bring a claim for both breach of contract and unjust enrichment.

The Airline Deregulation Act provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713 (b)(1). The Airline Deregulation Act incorporated this preemption provision so "[s]tates would not undo federal deregulation with regulation of their own." *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). In determining whether the preemption provision applies to a state law claim, the Seventh Circuit determined that the proper inquiry is ". . . whether the claims at issue either expressly refer to the airline's services . . . or would have a significant economic effect on the airlines services." *Id.* at 1434.

Relying on this instruction, the district court in *Levitt v. Southwest Airlines Company*, 846 F.Supp.2d 956, 959-60 (N.D. Ill. 2012), found a plaintiff's unjust enrichment claim based on unredeemed drink vouchers preempted. The Court finds *Levitt* analogous with the instant case and accordingly dismisses Plaintiff's unjust enrichment claim. *See also United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605, 607 (7th Cir. 2000) (finding state common law claims count as an "other provision having the force and effect of law" for the purposes of the preemption provision of the Airline Deregulation Act.).

Count IV of Plaintiff's Complaint purports to state a claim for specific performance. In their Motion to Dismiss, Defendants argue that this claim must be dismissed because specific performance is not an independent cause of action. Plaintiff responds, clarifying that Count IV is not intended to be an independent cause of action, but instead is only an equitable remedy sought for Plaintiff's breach of contract claim. The Court accepts Plaintiff's explanation and finds Plaintiff's request for specific performance as a form of relief permissible. However, the Court points out that Defendants are correct in their contention that specific performance is not an independent cause of action, and thus construes Plaintiff's Amended Complaint to consist of only three causes of action, two of which the Court is dismissing, leaving only Plaintiff's breach of contract claim.

## IV. CONCLUSION

For the reasons stated herein the Court denies Defendants' Motion to Dismiss Count I; and grants Defendants' Motion to Dismiss Counts II and III.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 1/31/2013